## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| PRESTON SIGLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No.: |
| | ) |
| GUN MAG WAREHOUSE, LLC, | ) |
| | ) |
| Defendant. | ) |
| _____ | / |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff PRESTON SIGLER ("Plaintiff" or "Sigler"), and files his Complaint against Defendant, GUN MAG WAREHOUSE, LLC ("Defendant" or "Gun Mag"), and in support he states the following:

## NATURE OF THE CLAIMS

This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq*. (hereinafter "Title VII") to redress Defendant's unlawful employment practices against Plaintiff including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of his sex, failure to conform to traditional gender stereotypes, perceived sexual orientation, and religion, leading to Plaintiff's constructive discharge.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

3. Plaintiff, Sigler is a citizen of the United States, and is and was at all times material, a resident of the State of Texas, residing in Dallas County, Texas.

4. Defendant, Gun Mag, is a foreign limited liability company with its principal place of business in Coppell, Texas.

5. Plaintiff worked for Defendant at 631 Southwestern Blvd., Suite 140, Coppell, TX 75019.

6. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On October 20, 2020, Plaintiff timely filed a claim with the Equal Employment Opportunity Commission ("EEOC") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on discrimination and retaliation.

9. Plaintiff's EEOC Charge was filed within three hundred days after the alleged unlawful employment practices.

10. On January 15, 2021, the EEOC issued to Plaintiff his Notice of Right to Sue. (Exhibit "A").

11. This Complaint was filed within ninety days following Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

12. Plaintiff worked for Defendant as a full-time warehouse packer alongside approximately ten (10) other packers.

13. Plaintiff is a heterosexual male.

14. Plaintiff does not conform to traditional gender stereotypes because of the manner in which he physically walks, poetically and/or upon his toes, and in his appearance as he presents himself as classy, stylish, and well-manicured.

15. Plaintiff identifies his religion as Christian. A pillar of Plaintiff's sincerely held religious beliefs and practices includes attending church and praying before his meals.

16. Defendant was aware of Plaintiff's sincerely held religious beliefs because Plaintiff would pray at lunch.

17. Shortly after Plaintiff began his employment, due to his excellent performance, he was provided with a promotion.

18. In or around April 2020, Plaintiff began being subjected to pervasive discriminatory harassment based on his perceived sexual orientation and his religion by Defendant.

19. The initial discriminatory harassment began after several of Plaintiff's co-workers made inappropriate comments to Plaintiff regarding the manner in which he physically walked.

20. His co-workers, including his superiors, Max (Warehouse Manager, no religion, heterosexual) and Cubby Melinger (Order fulfillment Manager, Jewish, heterosexual), would harass Plaintiff calling a range of homophobic slurs such as, "twinkle toes," "fag," and "gay retard." They would also question Plaintiff

relentlessly about his sexual orientation, asking, "are you gay?" and "is that why you walk like you have a stick up your ass?"

21. Upon witnessing Plaintiff praying during lunch, Defendant's discriminatory harassment toward Plaintiff became increasingly severe. Plaintiff's co-workers and superiors continued the homophobic and discriminatory slurs calling him, "church candy,"[1] and stating "he was touched by a pastor as a kid."

22. Defendant also began questioning Plaintiff about his association to his church, specifically, if he went to church because he is gay and ridiculing him stating, "you go to church even though you're gay?" The harassment further developed, and Plaintiff was referred to as "Pastor Preston" and "a pedophile" based on his faith and association to his church, alluding to the widely recognized sexual abuse scandals within the church establishments.

23. Due to Plaintiff's continued devotion to his religion and church, he was subjected to further discriminatory harassment when Max began comparing Plaintiff to David Koresh[2] and referring to Plaintiff as "Prest Koresh", alluding to the fact that Plaintiff's commitment to his religious beliefs were similar to that of a dangerous cult.

---

[1] a derogatory term for a male who is sexually assaulted by a pastor at church.
[2] An American cult leader and head of the Davidians sect, made famous by the deadly and tragic Waco siege of 1993 that resulted in the death of seventy-nine (79) Branch Davidians including children.

24. The discriminatory harassment transcended the workplace and Plaintiff was also targeted by his co-workers and superiors in a work-related group text chat where Plaintiff would be subject to the same slurs with the addition of inappropriate photos.

25. Plaintiff reported his concerns regarding the discriminatory harassment to his superiors as well as Jessica Hughes (Human Resources) and Brandon Light (Operations Manager), on multiple occasions.

26. Initially, Plaintiff reported his concerns to Mr. Melinger, who took no remedial action, and instead proceeded to subject Plaintiff to increased scrutiny, including issuing him baseless write-ups in response to Plaintiff escalating his concerns.

27. Plaintiff also reported the discriminatory harassment multiple times to Mr. Light and Ms. Hughes, who brushed Plaintiff off, stating that it was "just new guy hazing," and "they like you trust me."

28. Additionally, each time Plaintiff met with Mr. Light and Ms. Hughes to report his concerns, Ms. Hughes required that her office door remain open, refusing to allow Plaintiff the privilege of discretion afforded to his counterparts while escalating his concerns of discriminatory harassment.

29. As the discriminatory harassment became more severe, Plaintiff again reported his concerns to Mr. Light and Ms. Hughes. Ms. Hughes specifically

rejected Plaintiff's escalations that he was being discriminated against based on his perceived sexual orientation, requiring that Plaintiff disclose his sexual orientation while her door was open, and his harassers were nearby. Ms. Hughes informed Plaintiff that he was not being sexually harassed, and that due to her own personal experiences with sexual harassment, his complaints did not meet her qualifications of harassment or discrimination, continuing to classify his concerns as "hazing" and taking no remedial action.

30. Following this escalation, Plaintiff was issued a third baseless disciplinary write-up on or about July 6, 2020.

31. In response to the write-up, Plaintiff submitted a formal written complaint to Ms. Hughes regarding the ongoing discriminatory harassment to no avail.

32. As a result of Defendant's continued hostile and pervasive discriminatory harassment, purposeful refusal to take any remedial action on behalf of Plaintiff, and retaliation in response to Plaintiff's escalated concerns, Plaintiff was left with no choice but to resign.

33. Plaintiff has been damaged by Defendant's illegal conduct.

34. Defendant's conduct was willful, wanton, and done with reckless disregard for Plaintiff.

35. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## COUNT I: SEX BASED DISCRIMINATION
## IN VIOLATION OF TITLE VII

36. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-35 above.

37. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his sex, male, and does not conform with traditional gender stereotypes.

38. Defendant is prohibited under Title VII from discriminating against Plaintiff because of his sex and failure to conform to traditional gender stereotypes with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

39. Defendant violated Title VII by discriminating against Plaintiff based on his sex and his failure to conform with traditional gender stereotypes.

40. Defendant intentionally discriminated against Plaintiff on the basis of his sex and his failure to conform with traditional gender stereotypes.

41. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional

distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

42. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## COUNT II: SEXUAL ORIENTATION BASED DISCRIMINATION IN VIOLATION OF TITLE VII

43. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-35 above.

44. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his perceived sexual orientation (homosexual).

45. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his perceived sexual orientation (homosexual).

46. Defendant is prohibited under Title VII from discriminating against Plaintiff because of his perceived sexual orientation (homosexual) with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

47. Defendant violated Title VII by discriminating against and terminating Plaintiff based on his perceived sexual orientation (homosexual).

48. Defendant intentionally discriminated against Plaintiff on the basis of his perceived sexual orientation (homosexual).

49. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

50. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## COUNT III: RELIGION BASED DISCRIMINATION IN VIOLATION OF TITLE VII

51. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-35 above.

52. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his religion, Christian.

53. Defendant is prohibited under Title VII from discriminating against Plaintiff because of his religion with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

54. Defendant violated Title VII by unlawfully discriminating against Plaintiff based on his religion.

55. Defendant intentionally discriminated against Plaintiff on the basis of his religion.

56. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

57. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an aware of exemplary and/or punitive damages.

## COUNT IV: RETALIATION IN VIOLATION OF TITLE VII

58. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-35 above.

59. Plaintiff engaged in protected activity under Title VII on more than one occasion while employed by Defendant.

60. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity, specifically Plaintiff's repeated reports regarding the discrimination and hostile work environment Plaintiff was experiencing.

61. Defendant's conduct violated Title VII.

62. Plaintiff has satisfied all statutory prerequisites for filing this action.

63. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

64. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

65. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory

damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

    b)    Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

    c)    Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Date: April 13, 2021        Respectfully submitted,

*/s/ Gary J. Martoccio*
Gary J. Martoccio
Texas Bar No.: 24108958
gary.martoccio@spielbergerlawgroup.com
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499

*Attorneys for Plaintiff*